LAURA H. WHITE
*Admitted to the Practice of Law*
*in Maine and Massachusetts*



WHITE + QUINLAN
*Attorneys. Advocates.*

DANIELLE M QUINLAN
*Admitted to the Practice*
*of Law in Maine*

August 21, 2020

Cumberland County Superior Court
Heidi Bauer, Clerk
205 Newbury Street, Ground Floor
Portland, ME 04101

**Re:**    *Tonya Joy v.* **HOST INTERNATIONAL INC., d/b/a LINDA BEANS MAINE LOBSTER CAFE**

Dear Ms. Bauer:

Enclosed for filing is Plaintiff's Complaint, Summary Sheet, and filing fee of $175 in connection with the above-captioned matter.

Please do not hesitate to give me a call if you have any questions. Thank you for your assistance with this matter.

Very truly yours,

Danielle M. Quinlan

WHITE & QUINLAN, LLC  *62 Portland Rd., Suite 21, Kennebunk, ME 04043 | phone: (207) 502-7484 | fax: (207) 600-1205*

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-

| | | |
|---|---|---|
| TONYA M. JOY, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| v. | ) | |
| | ) | |
| HOST INTERNATIONAL INC., | ) | |
| d/b/a LINDA BEANS MAINE | ) | |
| LOBSTER CAFE | ) | |

Defendant

Plaintiff Tonya Joy, by and through the undersigned counsel, hereby complains against

Defendant HMS Host, Inc. as follows:

## INTRODUCTION

1.      This case arises under the Maine Family Medical Leave Act ("MFMLA"), 26

M.R.S. § 843 *et seq.*

2.      This case challenges the Defendant's unlawful interference and retaliation against

Plaintiff in violation of the MFMLA.

## THE PARTIES

3.      Plaintiff Tonya Joy ("Ms. Joy") is an individual residing in the Town of Gorham,

County of Cumberland, and State of Maine.

4.      Defendant HOST INTERNATIONAL, Inc., ("HMS") is a company that owns a

large number of chain restaurants in airports, hotels, and highway rest stops internationally

including Linda Beans Maine Lobster Café.

1

## JURISDICTION AND VENUE

5.     Venue is proper in this Court because all the discriminatory practices alleged

herein occurred in Cumberland County, at Defendant's HMS location at the Portland

International Jetport ("PWM") in Portland, Maine.

## STATEMENT OF FACTS

6.     Ms. Joy began working for HMS in January of 2019 as a bartender at Linda

Bean's Maine Lobster Café.

7.     Ms. Joy believes she performed her duties satisfactorily.

8.     The schedule at Linda Bean's changed weekly for servers—meaning waitstaff did

not have set schedules from week to week.

9.     HMS had a policy that schedules would be set and posted one week in advance on

the company's intranet.

10.     However, this policy was not consistently maintained. On many occasions, the

schedule was not posted on the intranet at all and was only physically posted on location.

11.     On other occasions, Plaintiff would look at the schedule one night and see she

was not scheduled for any shifts, and then the next day see that she was scheduled for a shift the

same day without notice.

12.     In October of 2019, Ms. Joy complained to management regarding their refusal to

post the schedule a week ahead of time per company policy.

13.     Ms. Joy explained that her elderly mother was sick, and Ms. Joy is the primary

caregiver for her mother. This responsibility requires that Ms. Joy have notice of when she is

scheduled to work to enable her to arrange for alternative care for her mother.

14. The scheduling issues continued, prompting Ms. Joy to report the issue to Human Resources ("HR"). Again, Ms. Joy reiterated that she needed to have advance notice of her schedule because she is the primary caregiver for her disabled mother and must arrange for alternative care for her mother while she is at work.

15. HR thanked Ms. Joy for the information and instructed her to notify them of any retaliation.

16. At no point did anyone from HR suggest that Ms. Joy apply for intermittent FMLA.

17. After Ms. Joy reported the issue to HR, her manager (Antonio Zappazzio) began to significantly decrease the number of shifts for which he scheduled Ms. Joy.

18. One of Ms. Joy's coworkers also experienced work-related issues with HMS. Ms. Joy provided her coworker with the information to contact HR. Mr. Zappazzio learned of the coworker reporting her issue to HR and stated to the coworker in Ms. Joy's presence: "Just because there's one bad apple in the bunch, doesn't mean they all have to be bad apples."

19. Mr. Zappazzio glared at Ms. Joy as he made the "bad apple" statement.

20. Ms. Joy perceived this comment to be antagonistic and retaliatory.

21. Eventually, Ms. Joy was completely removed from the schedule without notice.

22. Ms. Joy reiterated to management and HR on numerous occasions that she was available to work any day other than Sunday—with one week's notice. Ms. Joy simultaneously requested to work at other HMS venues, knowing that some of the fast food counters owned by HMS had ample availability.

23. HMS did not schedule Ms. Joy for any additional shifts at Linda Bean's.

24. HMS did not schedule Ms. Joy for any shifts at any other HMS venue.

3

25. Ms. Joy last scheduled day of work for HMS was on December 28, 2019.

26. HMS management specifically listed that Ms. Joy was "unavailable to pick up shifts" on the work schedule. Therefore, none of Ms. Joy's coworkers were able to contact her to pick up shifts.

27. Ms. Joy applied for unemployment given the immediate and total loss of income even though she was not formally terminated.

28. HMS lied to Maine Department of Labor ("MDOL") during the unemployment fact finding, stating they stopped scheduling Ms. Joy because she had no availability.

29. Ms. Joy provided MDOL with direct communications with HR and management to the contrary, which stated that she was available any day other than Sunday with only one week's notice.

30. Ms. Joy requested FMLA paperwork from HMS on February 25, 2020.

31. Ms. Joy received correspondence from HMS regarding her FMLA request on March 6, 2020. As a precursor to intermittent FMLA leave, HMS requested access to her mother's complete medical record.

32. Ms. Joy believed this request to be invasive and unnecessary, given the limitations on what kind of information was permissible for HMS to request from her mother's medical provider under 29 CFR § 825.306.

33. On March 11, 2020, while Ms. Joy was still laid off, undersigned counsel for Plaintiff wrote a preservation and representation letter to HMS. The letter explained that Ms. Joy was represented by counsel and would be bringing a retaliation claim.

34. The letter also requested Plaintiff's personnel file pursuant to 26 M.R.S. § 631. Defendant failed to produce the file within the 10 days provided in the statute. Undersigned

4

counsel followed up with HMS regarding the file, and again received no response. To date, Plaintiff has been denied access to her personnel file.

35. Many HMS employees were furloughed in March and April of 2020 due to the COVID-19 pandemic. However, in late June or early July of 2020, many employees were asked by HMS management to fill out paperwork to return to work. Ms. Joy was not provided any paperwork regarding returning to work.

36. HMS did not call Ms. Joy back to work.

37. Mr. Zappazzio called Ms. Joy to inquire about her work badge. Ms. Joy asked Mr. Zappazzio what the future looked like for prospective shifts. Mr. Zappazzio stated "Well, I don't know, I heard you were suing us." Ms. Joy understood that to mean she was not offered a return to work because she asserted her rights under Maine's FMLA.

38. Plaintiff believes that she was terminated because of her duties as the primary care giver for her mother and inquiry about intermittent FMLA leave.

## COUNT I: VIOLATION OF MAINE FMLA - RETALIATION
### (26 M.R.S. § 843-848)

39. Plaintiff repeats the allegations contained in Paragraphs 1 through 38 of her Complaint as if fully stated herein.

40. The Maine Family Medical Leave Act ("MFMLA") prohibits an employer from retaliating against an employee who has inquired about taking FMLA leave.

41. Plaintiff's inquiry regarding FMLA qualified as protected activity under the FMLA.

42. In response to Plaintiff's inquiry about FMLA leave, HMS stopped scheduling Plaintiff, lied to MDOL to deny benefits, and refused to reinstate her employment when shifts became available after restaurants reopened.

5

43. A causal link exists between Plaintiff's protected activity and the adverse employment action taken.

44. Defendant did not have good-faith non-retaliatory reason for the adverse employment action alleged herein.

45. Defendant's assertion regarding the adverse employment actions are pretextual.

46. Defendant's actions amounted to retaliation in violation of the FMLA.

47. Defendant retaliated against Plaintiff in reckless disregard for the rights contained in the MFMLA.

48. As a result of HMS' repeated violations of the FMLA, Ms. Joy has suffered and is entitled to damages, including but not limited to: lost wages and benefits, compensatory damages including emotional pain and suffering, lost enjoyment of life, liquidated and/or punitive damages, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Tonya Joy requests that the Court award her damages in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

## COUNT II – VIOLATION OF THE MAINE FMLA - INTERFERENCE
### (26 .R.S. § 843-848)

49. Plaintiff repeats the allegations contained in Paragraphs 1 through 48 as if fully stated herein.

50. At all times herein relevant, Plaintiff was eligible and qualified for leave under the Maine FMLA.

51.     Plaintiff's mother suffers from a serious health condition in the form of Multiple Sclerosis (MS), has no spleen, is wheelchair bound, and is not independently mobile which constituted serious health conditions within the meaning of the FMLA.

52.     Plaintiff had an ongoing need to provide care for her mother due to these serious health conditions and Plaintiff provided HMS with appropriate notice of her need to take medical leave.

53.     HMS interfered with Plaintiff's rights under the FMLA by failing to give her any notice of her right to take full and/or intermittent leave under the FMLA.

54.     HMS retaliated against Plaintiff by taking adverse action against her for taking a medical leave of absence.

55.     HMS recklessly, knowingly, and/or willfully discriminated against Plaintiff under the FMLA for taking medical leave by firing her soon after that medical leave expired.

56.     As a result of HMS' repeated violations of the FMLA, Ms. Joy has suffered and is entitled to damages, including but not limited to: lost wages and benefits, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.

57.     For all of the reasons stated in Count I above, unlawful interference, retaliation, and discrimination in violation of the Maine Family Medical Leave Requirements Law has occurred.

WHEREFORE, Plaintiff Tonya Joy requests that the Court award her damages in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

## COUNT III – VIOLATION OF THE MAINE PERSONNEL FILE LAW
### (26 .R.S. § 631 *et seq.*)

58.     Plaintiff repeats the allegations contained in Paragraphs 1 through 57 of her

Complaint as if fully stated herein.

59.     Defendants failed to make Plaintiff's full personnel file available within 10 days

of request, in violation of the Maine Personnel File Law.

60.     For violation of Maine's Personnel File Law, a civil forfeiture up to $500 may be

imposed, along with costs of suit, reasonable attorney's fees, and injunctive relief.

WHEREFORE, Plaintiff Tonya Joy requests that the Court award her civil forfeiture

damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief

afforded to her by law.

## JURY TRIAL DEMAND

Plaintiff Tonya Joy hereby demands a jury trial on all matters so triable under the laws

and Constitution of the United States and the State of Maine.

Dated at Kennebunk, Maine this 21st day of August 2020.

Laura H. White, Bar No. 4025
Danielle M. Quinlan, Bar No. 5480
*Attorneys for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
lwhite@whiteandquinlan.com
dquinlan@whiteandquinlan.com

8