UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TONYA M. JOY, )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>HOST INTERNATIONAL, INC., )<br>d/b/a LINDA BEANS MAINE )<br>LOBSTER CAFE, )<br>)<br>      Defendant ) | 2:20-cv-00407-DBH |

**ORDER ON PLAINTIFF'S
MOTION TO AMEND SCHEDULING ORDER**

This matter is before the Court on Plaintiff's motion to amend the scheduling order. (Motion to Amend, ECF No. 21.) Plaintiff seeks to extend certain deadlines, including the deadline for completion of discovery.

Following a review of the record and after consideration of the parties' arguments, the Court grants Plaintiff's motion.

### BACKGROUND

The Court entered a scheduling order on December 11, 2020. *See* Fed. R. Civ. P. 16(b). (Scheduling Order, ECF No. 20.) The order, in relevant part, set a deadline of April 30, 2021, for the completion of discovery and advised the parties that "absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline." (*Id.*)

On April 5, 2021, Plaintiff filed a motion to amend the scheduling order, asking the Court to extend the discovery deadline to May 30, 2021.[1]  (Motion at 2.)  Plaintiff asserted that multiple deposition requests were made by both parties on April 5 and that, "[d]ue to the bottle neck that has occurred with litigation and the COVID pandemic, the earliest dates the depositions could be scheduled is May 3, 2021 and the following two (2) weeks."  (*Id.* at 1-2.)  Plaintiff also asserted that the parties had agreed to extend the discovery deadline to May 3 to provide time for Defendant to conduct Plaintiff's deposition.  (*Id.* at 1.)  Defendant argues that the requested extension is not warranted as Plaintiff has not satisfied the applicable standard for the extension. (Response, ECF No. 22.)

## DISCUSSION

The parties disagree as to whether Plaintiff has satisfied the applicable standard for an amendment to the scheduling order.  Defendant contends that Plaintiff must demonstrate "excusable neglect," at least as to Plaintiff's written discovery requests.  (Response at 1-3.)  Defendant argues that for written discovery, the discovery deadline in effect expired on March 31, 2021, given that the scheduling order advised the parties that discovery initiatives must be undertaken in such a manner that the opposing party's responses would be filed prior to the discovery deadline.[2]  (*Id.*)  According to Defendant, Plaintiff did not

---

[1] Plaintiff also seeks to extend the deadline for filing notice of intent to file a motion for summary judgment from May 7, 2021, to June 7, 2021, and the deadline for filing dispositive motions from May 21, 2021, to June 21, 2021.  (Motion at 2.)

[2] The Court construes Defendant's reference to a March 31 deadline as based on the thirty-day period within which a party must respond to written discovery requests.  *See, e.g.*, Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.")

initiate any discovery prior to April 2021. (*Id.* at 4.) After she filed the motion to amend, Plaintiff served Defendant with interrogatories and requests for production of documents. (*Id.* at 4-6.)

Plaintiff contends because the discovery deadline had not expired when she filed the motion, she must demonstrate "good cause" to warrant an extension of the discovery deadline. (Reply at 1-2.) Plaintiff maintains that the parties already agreed to an extension of the discovery deadline to allow time for a deposition and that an additional thirty days for some further limited discovery would not meaningfully delay this matter or prejudice Defendant. (*Id.* at 2.) Plaintiff contends that any delay in discovery has been due, in part, to pandemic-related disruptions and scheduling issues. (*Id.* at 3.)

"In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013) (citing Fed. R. Civ. P. 6(b)(1)). Similarly, when a party seeks to modify or extend a deadline in a scheduling order, such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) ("The deadlines established in the scheduling order may be extended on a showing of good cause."). "Rule 16's 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (quotation marks omitted); *see O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154 (1st Cir. 2004) (recognizing that a "court may extend a scheduling order deadline on a showing 'of good cause if the

3

[deadline] cannot reasonably be met despite the diligence of the party seeking the extension'") (alteration in original) (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b))). In contrast, when a deadline has already expired, a court may permit an extension of time "if [a] party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Tubens v. Doe*, 976 F.3d 101, 104-105 (1st Cir. 2020) (discussing excusable neglect standard).

The central issue of the parties' dispute is whether Defendant should be required to respond to the written discovery requests that Plaintiff served less than thirty days before the expiration of the discovery deadline. While ordinarily the Court expects a party to serve written discovery requests more than thirty days before the discovery deadline, the time during which this case has been pending cannot be characterized as ordinary. The pandemic has presented challenges for all, including for parties and counsel involved in litigation. Under the circumstances, the Court is not convinced that Plaintiff should be foreclosed from written discovery because Plaintiff served the discovery requests less than thirty days before the discovery deadline. The Court thus concludes that Plaintiff has demonstrated "excusable circumstances" as contemplated by the scheduling order for Plaintiff's failure to serve the written discovery requests at least thirty days before the discovery deadline.

The Court can either shorten the time for Defendant's responses to the discovery requests, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), or extend the discovery deadline. The Court believes an extension of the discovery deadline is the more reasonable approach.

Because Plaintiff moved to amend the discovery deadline included in the scheduling order before the April 30 discovery deadline, Plaintiff's request to extend the discovery deadline is governed by the good cause standard. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). The Court concludes that Plaintiff has demonstrated good cause for the requested amendment to the scheduling order and grants her request.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion to amend the scheduling order. The deadline for the parties to complete discovery (including the time for Defendant to respond to Plaintiff's written discovery requests) is extended to June 1, 2021; the deadline for the parties to file a notice of intent to file a motion for summary judgment is extended to June 8, 2021; the deadline to file dispositive motions and *Daubert* and *Kumho* motions is extended to June 22, 2021; the case shall be ready for trial by September 7, 2021.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of April, 2021.